*340 LUTTIG, Circuit Judge,
dissenting in part.
I concur in the majority’s opinion except to the extent that it affirms the district court’s judgment that the Internal Revenue Service lawfully withheld from production under 5 U.S.C. § 552(b)(6) the names of lower-level I.R.S. employees that appeared on documents that were responsive to Judicial Watch’s Freedom of Information Act request.
Section 552(b)(6) exempts agencies from any obligation to produce under FOIA “personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.” While never specifying how the deleted I.R.S. employee names qualify as personnel files, medical files, or similar files, the district court upheld the I.R.S.’ redactions, stating merely that “federal employees do have a privacy interest in the non-disclosure of their names and that Plaintiff suffers no prejudice by the redaction of these names.” J.A. 50-51.
I would reverse the district court and require the I.R.S. to disclose the redacted names. The lone name of an I.R.S. employee appearing on a document related to a tax audit performed by the Service is not even arguably a “personnel ... medical ... [or] similar file[ ][,]” under even the most expansive definitions of those terms imaginable. As the Supreme Court held in Department of the Air Force v. Rose, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976), a personnel file is a file containing “vast amounts of personal data” which constitute a “profile of an individual ... showing, for example, where [a person] was born, the names of his parents, where he has lived from time to time, his high school or other school records, results of examination, evaluations of his work performance.” Id. at 377. It is obvious that the redacted I.R.S. employee names are not “personnel files” as so defined in Rose, and, to its credit, the government does not even attempt to argue otherwise. See Appellee’s Br. at 61-63.
But it is just as clear (with respect to the claim that the government does make) that these names are not “similar files” to personnel and medical files, within the meaning of the section 552(b)(6) exemption. The Supreme Court in Department of State v. The Washington Post Co., 456 U.S. 595, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982), held that files “similar” to personnel and medical files are files that contain, as do the type of personnel file described in Rose, “detailed Government records on an individual which can be identified as applying to that individual.” Id. at 602. The lone name of an I.R.S. employee that appears in an agency document relating to a tax audit of a private citizen is simply not a detailed government record on that I.R.S. employee. Compare, e.g., Rose, 425 U.S. at 355, 376-77 (holding that detailed case summaries of cadet disciplinary proceedings were files similar to personnel files); Washington Post, 456 U.S. at 600-01 (holding that files containing the details of a passport application were similar files); Dept. of State v. Ray, 502 U.S. 164, 173, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991) (holding that detailed post-repatriation interviews with unsuccessful Haitian asylum seekers were similar files).
The majority never even addresses whether the I.R.S. employee names constitute personnel or similar files within the meaning of the (b)(6) exemption, that is, whether each employee name alone constitutes a detailed government record about that employee. It simply maintains that each I.R.S. employee name is “information which ‘applies to a particular individual’,” see supra at 338 (citing Washington Post Co. v. United States Department of Health & Human Services, 690 F.2d 252, 260 *341 (D.C.Cir.1982) (quoting Washington Post, 456 U.S. at 598, 600)), and for this reason is a “personnel or similar file” within the meaning of section 552(b)(6). Of course, that a name is information relevant to a particular individual (which undoubtedly it is) says nothing at all about whether that name constitutes a detailed government record about that individual (which most assuredly it is not).
Finally, although it is not even plausible to maintain that the names of the I.R.S. employees at issue are personnel or similar files of these employees, it would be open to argument, based upon existing Supreme Court precedent, that the audit-related documents from which these employee names were redacted do constitute detailed government records, and therefore “similar files” under (b)(6), of Judicial Watch. Under this argument, however, only Judicial Watch’s privacy would be relevant to determining whether disclosure of the I.R.S. employee names “would constitute a clearly unwarranted invasion of personal privacy.” 5 U.S.C. § 552(b)(6). And thus the I.R.S. employees’ privacy interests in the nondisclosure of their names would be irrelevant and could not serve to justify the withholding at issue here.
Because I do not believe that the mere names of I.R.S. employees at issue in this litigation may be withheld as “personnel and medical files and similar files” under section 552(b)(6), I dissent from the court’s affirmance of the district court’s judgment that the exemption from disclosure in section 552(b)(6) is properly invoked to withhold these names.
The courts have long construed the Freedom of Information Act’s exemptions so as to effectuate their own view of the proper balance between information that must be produced and information that may permissibly be withheld, typically reading the disclosure provisions of the Act narrowly and its exemptions from disclosure broadly. If the Freedom of Information Act’s provisions governing production and exemption are to be contracted and expanded, those contractions and expansions should be effected not by the judiciary under the guise of interpretation, but by the Congress through legislative amendment.